IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,        ) | |
|     Plaintiff,        ) | Civil Case No. 7:20-cv-00344 |
| v.        ) | |
|             ) | By: Elizabeth K. Dillon |
| LESLIE J. FLEMING, *et al.*,        ) | United States District Judge |
|     Defendants.        ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry K. Ofori, a prisoner in the custody of the Virginia Department of Corrections ("VDOC") proceeding *pro se*, filed a civil rights complaint asserting numerous claims against more than thirty defendants. The court screened and sua sponte dismissed some of his claims, and severed the others into separate lawsuits. This case involves only Count IV of Ofori's amended complaint, which is titled "Religious Rights."

There are a number of pending motions in the case, all of which are addressed herein. First of all, plaintiff has filed two motions to amend his complaint. He alleges that he is doing so in response to the defendants' motion to dismiss, and his proposed amendments provide additional detail about his claims and include the same types of allegations of interference with his religious rights, some of which are allegedly ongoing violations. Although defendants opposed his first motion to amend, they have not filed a response to his second, and the time for doing so has passed. The court has reviewed the motion to amend and proposed amended complaint, and, consistent with the directive to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court will allow amendment here.

Accordingly, it is hereby ORDERED that Ofori's renewed motion to amend (Dkt. No. 38) is GRANTED, and Dkt. No. 38-2 will be treated as Ofori's second amended complaint, which will replace and supersede all prior complaints in this case. Ofori's prior motion to amend

(Dkt. No. 23) and defendants' motion to dismiss the prior complaint (Dkt. No. 14) are both DENIED AS MOOT.

The Clerk is further DIRECTED to notify the newly added defendants—Harold W. Clarke, A. David Robinson, King, Reagan, and D. Collins—of this action, pursuant to Federal Rule of Civil Procedure 4 and the Agreement on Acceptance of Service.[1]  All current defendants shall answer or otherwise respond to the motion to the second amended complaint not later than forty-five days after entry of this order.

Also pending before the court are two related motions: (1) plaintiff's letter motion for "help" (Dkt. No. 27), which he filed in four separate cases;[2] and (2) defendants' motion for protective order (Dkt. No. 35).

Ofori's motion for "help" describes acts by WRSP officials that he believes are retaliatory and/or attempts to hinder his ability to prosecute his lawsuits.  He claims that he learned in March 2021 that high-ranking officials at WRSP were "targeting him" in retaliation for his lawsuit, including spreading false rumors about him to other inmates "in order to take a hit out on [him]." (Dkt. No. 27 at 1.) He explains that he wrote a letter to the Office of the Virginia Attorney General, laying out all of the details and requesting an independent investigation. (*Id.* at 2.) He also began to grieve the incidents and has requested an investigation from VDOC's Chief Inspector, but his submissions have "disappeared" or were never filed, and he has not gotten responses or replies to his concerns. (*Id.*) He further states that "other

---

[1] Ofori's second motion to amend suggests that the only new defendants are King, Reagan, and Collins (Dkt. No. 38 at 5), but neither Clarke nor Robinson (who are both listed as defendants in the amended complaint) are currently defendants in this action.  Thus, all five will need to be added.

[2] Ofori's motion listed four case numbers, and the Clerk filed the same letter motion in all of Ofori's pending cases at the time.  Two of those cases have since been dismissed, although one has a pending motion to reconsider the dismissal, *Ofori v. Clarke*, No. 7:18-cv-587 (W.D. Va.).  The court recently addressed the same ruling in *Ofori v. Fleming*, No. 7:20-cv-345 (W.D. Va.), and ruled the same way in that case as it does herein.

roadblocks" are being put in his way that are hindering his litigation efforts. (*Id.*) For example, he alleges that his requests for copies of legal documents are being ignored, his documents keep going missing, his outgoing legal mail is being held at the prison for weeks before it is sent out, and "upon information and belief," security staff are opening his outgoing mail to read the contents. He asks that the court "have this matter looked into" and that the court "do something about the problem." (*Id.*) His motion includes a copy of a lengthy letter dated March 31, 2021, and addressed to the Assistant Attorney General, which contains significantly more detail about his allegations (Dkt. No. 27-1 at 1–10), as well as copies of letters he sent to VDOC's chief inspector and VDOC's regional ombudsman. (*Id.* at 11–13.)

The court directed defendants to respond, and they have done so, providing sworn testimony from three different individuals addressing and denying Ofori's allegations. As their response summarizes, "[o]fficials have investigated Ofori's claims and found no evidence that WRSP staff have retaliated against him, directed other inmates to attack him, improperly held his mail, denied requested copies, or refused to file his grievances." (Dkt. No. 29 at 3–4.)

Ofori also has filed a reply (Dkt. No. 32), which the court has considered. His reply requests orders directing that certain video and other documents related to his recent allegations be produced by defendants and requesting that he be relocated to another prison outside the western region of Virginia. (*Id.* at 8–9.) To the extent that his motion is intended to be a motion for preliminary injunction, the court concludes that it fails to satisfy the high standard for receiving such relief.

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to

succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22. Critically, the movant must satisfy all four requirements to obtain preliminary injunctive relief. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–46 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Based on the allegations and information Ofori has presented, it is apparent that he cannot satisfy at least one *Winter* factor: the second one. To do so, he must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a clear showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *See DiBiase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (explaining that a "possibility" of irreparable harm is insufficient to satisfy the movant's burden).

First of all, the court has obtained sworn testimony that refutes Ofori's allegations and greatly undermines his allegations. The affidavits include documents showing outgoing legal mail sent by Ofori, which reflect a number of mailed documents sent during the time period Ofori is referencing, as well as incoming legal mail that he has signed for during this same period. In any event, his request for "help" is vague, and the court does not itself conduct investigations. His reply clarifies that he wants certain videos and documents preserved and provided and that he wants to be transferred out of the western region of Virginia, but these are not appropriate requests for preliminary injunctive relief. Requests for discovery must be

brought as discovery requests or motions and must be relevant to the claims in the particular lawsuit where the discovery is being requested. Ofori will not face actual and imminent harm in the absence of being given the videos and documents he requests.

Likewise, a transfer to a different prison (or region of VDOC) is not appropriate for several reasons. First, a prisoner has no constitutional right to be housed in any particular facility. *Meachum v. Fano*, 42 U.S. 215, 224 (1976). Second, the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions. *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980). Thus, an order requiring a transfer to other VDOC facilities is not appropriate, especially in light of Ofori's failure to provide detail as to any specific, likely future harm if he is not transferred.

Ofori's request for a preliminary injunction also fails because an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Put differently, the movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Ofori alleges that the actions set forth in the motion for preliminary injunction are retaliatory and interfering with his ability to prosecute this case, so they are, in a sense, "related" to his claims. But they still are not harms that arise from the same violations of his religious rights on which his claims are based. Thus, they are not harms that are "caused by the

wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16. Accordingly, preliminary injunctive relief is not available in this case to remedy them. Ofori's motion, to the extent it requests such relief, is DENIED.

To the extent that Ofori's letter motion could be construed as a motion to amend his complaint to add new retaliation claims based on these more recent events, his motion is DENIED WITHOUT PREJUDICE. The potential claims in Ofori's recent letter motion are based on events that occurred in 2021, years after the events alleged in this case. For all of these reasons, and to the extent Ofori is asking to amend his lawsuit to add claims from his "motion for help," his request is denied without prejudice. Nothing in this ruling prevents Ofori from asserting any of these claims in a separate action, however, after first exhausting his administrative remedies and subject to the applicable statute of limitations.

Relatedly, defendants have filed a motion for protective order (Dkt. No. 35), which seeks protection from Ofori's discovery requests, which are related to the alleged retaliation and interference with his mail from 2021, and which are not part of this case. Because the discovery sought is irrelevant to the claims *in this case*, the court concludes that a protective order is appropriate. Accordingly, defendants' motion for protective order (Dkt. No. 35) is GRANTED.

**CONCLUSION AND ORDER**

Summarizing and restating the court's rulings from above, it is hereby ORDERED as follows:

1. Plaintiff's renewed motion to amend (Dkt. No. 38) is GRANTED, and Dkt. No. 38-2, plaintiff's second amended complaint, will be the operative complaint and will supersede and replace all prior complaints.

2. The Clerk is DIRECTED to add the following as defendants, and to cause them to be

6

notified of this action, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service: Harold W. Clarke, A. David Robinson, Mitchell, Reagan, and D. Collins.

3. All current defendants shall answer or otherwise respond to the amended complaint not later than forty-five days after entry of this order.

4. Plaintiff's first motion to amend (Dkt. No. 23) and defendants' motion to dismiss (Dkt. No. 14) are DENIED AS MOOT.

5. Plaintiff's "motion for help" (Dkt. No. 27), to the extent it is intended to be a motion for preliminary injunction, is DENIED. To the extent plaintiff is seeking to add new claims to this lawsuit based on recent events, his motion is DENIED WITHOUT PREJUDICE to his ability to file a separate lawsuit asserting those claims.

6. Defendants' motion for protective order (Dkt. No. 35) is GRANTED.

The Clerk is DIRECTED to send a copy of this memorandum opinion and order to the parties.

Entered: October 4, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge